*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**Nos. 12-BG-1889 & 14-BG-1221**

IN RE:  EMERSON V. BRIGGS, III,
                                            Respondent.
**Bar Registration No.   446158**                    **BDN: 262-11 & BDN: 335-14**

BEFORE:    Thompson, Associate Judge, and Ferren and Farrell, Senior Judges.

**ORDER**
(FILED - February 5, 2015)

On consideration of the certified order of the Supreme Court of New York, Appellate Division, Third Judicial Department disbarring respondent from the practice of law in that jurisdiction, this court's November 11, 2014, order in no. 14-BG-1221 suspending respondent pending further action of the court and directing him to show cause why reciprocal discipline should not be imposed, respondent's motion to consolidate these two proceedings, Bar Counsel's motion for leave to file the lodged late opposition thereto, respondent's response to the order to show cause wherein he states that alternate discipline should be imposed, the declarations submitted on behalf of respondent, the response of Bar Counsel, and it appearing that respondent filed his affidavit in no. 14-BG-1221 as required by D.C. Bar R. XI, §14 (g) on October 15, 2014, and that it further appearing that respondent filed his affidavit in no. 12-BG-1889 as required by D.C. Bar R. XI, §14 (g) on December 28, 2012, it is

ORDERED that Bar Counsel's motion for leave to file the opposition to the motion to consolidate is granted and the Clerk shall file the lodged opposition.  It is

FURTHER ORDERED that respondent's motion to consolidate these two matters is granted.  It is

FURTHER ORDERED that in no. 14-BG-1221 reciprocal discipline is hereby imposed and Emerson V. Briggs, III, is hereby disbarred in this jurisdiction, *nunc pro tunc* to December 28, 2012.  To the extent that respondent attempts to challenge

Nos. 12-BG-1889 & 14-BG-1221

imposition of reciprocal discipline by attempting to re-litigate the discipline imposed by the state of New York, such a challenge is improper in reciprocal disciplinary proceedings, see *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline"). The reciprocal discipline was based on a plea entered by respondent in a criminal case; therefore, there is no deficiency in the evidence. Further, respondent was permitted to submit evidence and argument in the originating jurisdiction on why he should not be disbarred. To the extent that respondent argues that mitigating circumstances exist that would support a lesser disciplinary sanction, the originating court considered and rejected these circumstances and this court defers to the decision of the originating jurisdiction. It is

FURTHER ORDERED that the original disciplinary matter, no. 12-BG-1889, is hereby dismissed.

**PER CURIAM**