*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-984

FILED 5/12/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

IN RE WAYNE RICHARD HARTKE, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 200378)

On Order to Show Cause
(BDN-100-15)

(Submitted March 22, 2016                    Decided May 12, 2016)

*Wayne Richard Hartke*, pro se.

*Wallace E. Shipp, Jr.*, Disciplinary Counsel, and *William R. Ross*, Assistant Disciplinary Counsel, for the Office of Disciplinary Counsel.

Before BECKWITH and MCLEESE, *Associate Judges*, and PRYOR, *Senior Judge*.

PER CURIAM: In April 2015, respondent Wayne Richard Hartke was suspended from the practice of law in Virginia for six months. This court issued an order directing Mr. Hartke to show cause why this court should not impose identical reciprocal discipline. Mr. Hartke argues that he should not be sanctioned at all. We adopt Disciplinary Counsel's recommendation that we impose identical reciprocal discipline.

## I.

The following facts were stipulated by Mr. Hartke and the Virginia State Bar Disciplinary Board. In January 2014, Mr. Hartke attended a Continuing Legal Education ("CLE") seminar in Virginia. During the morning session, Mr. Hartke fell asleep and began snoring, causing the seminar's coordinator to intervene and wake Mr. Hartke. During the afternoon session, Mr. Hartke began talking loudly at a video presentation and continued to do so after the seminar coordinator asked him to stop. In response to Mr. Hartke's continued outbursts, another attendee led Mr. Hartke from the room. That attendee smelled alcohol on Mr. Hartke's person. Another attendee saw a nearly empty liquor bottle among Mr. Hartke's possessions and noticed that Mr. Hartke appeared to be intoxicated. Mr. Hartke admitted to one attendee that he had been drinking.

In a written response to the Virginia State Bar and orally to a Virginia State Bar investigator, Mr. Hartke denied bringing alcohol to the seminar and denied being intoxicated during the seminar. When speaking with the investigator, Mr. Hartke also denied falling asleep and snoring during the morning session, insisting

that he had been taking notes. In a subsequent conversation with an Assistant Virginia Bar Counsel, however, Mr. Hartke admitted that those representations were not accurate and that he did not take the steps necessary to correct his misrepresentations.

Based on the stipulated facts, Mr. Hartke and the Virginia State Bar Disciplinary Board stipulated that Mr. Hartke violated the Virginia Rules of Professional Conduct by "fail[ing] to disclose a fact necessary to correct a misapprehension known by [Mr. Hartke] to have arisen" in connection with a disciplinary matter, Va. R. Prof. Conduct 8.1(b), and by "violat[ing] or attempt[ing] to violate the Rules of Professional Conduct," Va. R. Prof. Conduct 8.4(a). Mr. Hartke stipulated to a six-month suspension of his license to practice law in Virginia.

## II.

"We have adopted a rigid standard in reciprocal discipline cases, presumptively imposing identical reciprocal discipline, unless the attorney demonstrates by clear and convincing evidence that the case falls within one of

five specified exceptions articulated in D.C. Bar Rule XI, § 11 (c)." *In re Nosal*, 112 A.3d 919, 921 (D.C. 2015) (internal quotation marks and brackets omitted). Mr. Hartke argues that he was disciplined in Virginia for conduct that "does not constitute misconduct in the District of Columbia." D.C. Bar Rule XI, § 11 (c)(5). We disagree.

Mr. Hartke contends that his Virginia suspension was based on "sleeping and snoring in a [CLE] class." To the contrary, as he acknowledged in the Virginia stipulation, Mr. Hartke was not suspended for sleeping and snoring. Rather, he was suspended for failing to correct misrepresentations that he made to the Virginia State Bar in the course of the Virginia disciplinary proceedings. This court's Rules of Professional Conduct also prohibit misrepresenting facts in the course of a disciplinary proceeding. D.C. R. Prof. Conduct 8.1 ("[A] lawyer . . . [,] in connection with a disciplinary matter, shall not . . . [f]ail to disclose a fact necessary to correct a misapprehension known by the lawyer . . . to have arisen in the matter . . . ."); *see also* D.C. R. Prof. Conduct 8.4 (c) ("It is professional misconduct for a lawyer to . . . [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation.").

Mr. Hartke also relies on circumstances that he contends mitigate his conduct. The Virginia disciplinary process afforded Mr. Hartke a right to present evidence of any mitigating circumstances, and he apparently did so. Va. Sup. Ct. R. Pt. 6, § 4, ¶ 13-18(K) (Virginia State Bar Disciplinary Board must permit respondent to present evidence of mitigation); *id.* at ¶ 13-18(M) (Board must consider mitigating evidence in determining appropriate sanction); *In re Hartke*, No. 14-51-98765, at 7 (Va. State Disciplinary Bd. Apr. 17, 2015) (before suspending Mr. Hartke, Board "considered the factors in aggravation and mitigation argued by the Bar and [Mr. Hartke]"). Mr. Hartke has provided us with no basis upon which to look behind the sanction imposed in Virginia. *See In re Briggs*, 108 A.3d 1248, 1249 (D.C. 2015) (per curiam) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline. . . . [R]espondent was permitted to submit evidence and argument in the originating jurisdiction on why he should not be disbarred. To the extent that respondent argues that mitigating circumstances exist that would support a lesser disciplinary sanction, the originating court considered and rejected these circumstances and this court defers to the decision of the originating jurisdiction.") (internal quotation marks omitted). To the extent Mr. Hartke asks us to consider evidence of mitigation that arose after and because of Mr. Hartke's suspension in Virginia, we

do not find sufficient grounds to support a departure from the discipline imposed in Virginia. *See* D.C. Bar R. XI, § 11 (c)(3) (permitting departure from reciprocal discipline if "imposition of the same discipline by the Court would result in grave injustice").

Mr. Hartke and Disciplinary Counsel disagree about the date on which any suspension should begin to run. Specifically, Mr. Hartke argues that any suspension should be imposed nunc pro tunc to April 2015. Disciplinary Counsel argues that the suspension should not begin to run until October 13, 2015, the date on which Mr. Hartke filed the affidavit required under D.C. Bar Rule XI, § 14 (g). We need not decide, however, whether the six-month period should be viewed as having begun in April or October of 2015, because either way the period has now run.

It is therefore

ORDERED that Wayne Richard Hartke is suspended from the practice of law in the District of Columbia for a period of six months, nunc pro tunc to no later than October 13, 2015.

*So ordered.*